# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LADONNA VERNON,

                Plaintiff,

     v.

WALMART INC., et al.,

                Defendants.

Case No. 20 C 7024

Magistrate Judge Jeffrey T. Gilbert

## ORDER

Defendant Walmart, Inc.'s Motion for Entry of a Protective Order [ECF 37] is granted in part and denied in part. Defendant has established good cause within the meaning of Federal Rule of Civil Procedure 26(c) for entry of a limited confidentiality order in this case. *In re: Fluidmaster, Inc.,* 2016 WL 6599947. *2 (N.D. Ill. Nov. 8, 2016). Based on the affidavit submitted by Jovan Tolbert, Walmart's Asset Protection Manager, the Court is satisfied that Walmart has shown good cause for entry of a confidentiality order that protects Walmart's internal policies and procedures including those relating to security and training that may be relevant to the claims and defenses in this case. J. Tolbert Affidavit [ECF 37-1]. Those internal policies and procedures are maintained as confidential by Walmart, they are shared only internally with authorized Walmart personnel, and they are not disseminated outside the company other than in the context of litigation, and then only subject to a protective or confidentiality order. *Id.* The Court also finds that Walmart has met its burden to show that certain other internal information should be treated as

confidential if it is produced in this case. But the Court disagrees that the proposed confidentiality order submitted by Walmart is as narrowly drawn as it needs to be to pass muster under applicable law. The Court is prepared to enter a more limited confidentiality order for the reasons discussed below.

Plaintiff Ladonna Vernon's objections to Walmart's request for entry of a confidentiality order, therefore, largely are overruled. Plaintiff argues that Walmart is seeking a blanket confidentiality order without any showing that the material it seeks to protect is sensitive or proprietary. The Court disagrees. Plaintiff does not address the affidavit submitted by Jovan Tolbert, Walmart's Asset Protection Manager, referenced above. In the Court's view, Mr. Tolbert's affidavit lays an adequate foundation for the relief Walmart is requesting with respect to its internal policies and procedures including those relating to security and training. Those policies and procedures, according to Mr. Tolbert, are maintained as confidential by Walmart and are not disseminated outside the company without the type of protection Walmart is requesting here. Plaintiff has done nothing to rebut that showing.

The language in Walmart's proposed confidentiality order, however, is broader than appears to be necessary to protect Walmart's legitimate interest in protecting its confidential information. Proposed Confidentiality Order [ECF 37-1], at ¶ 1. Although Plaintiff objects to Walmart's proposed confidentiality order in its entirety and does not explicitly ask the Court to modify or "blue pencil" it, the Court finds that is appropriate in this case for the reasons discussed below. To the extent that

Plaintiff's "overbreadth" objections can be construed to include the matters identified by the Court, the Court sustains those objections in this limited way.

Walmart proposes to add new sub-paragraphs (h) through (l) to paragraph 1 of the Northern District's model confidentiality order, as follows:

> (h) any and all documents referring or related to confidential and proprietary human resources or business information, including financial records, compensation of Walmart Inc. and Sam's West, Inc.'s current or former personnel, policies, procedures and/or training materials of Walmart Inc. and Sam's West, Inc.; and/or Walmart Inc. and Sam's West, Inc.'s organizational structure; (i) any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor; (j) any documents relating to the medical and/or health information of any of Walmart Inc. and Sam's West, Inc.'s current or former employees, customers, or contractors; (k) any documents relating to the claims or incidents of any customers of Walmart Inc. and Sam's West, Inc.; or (l) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

Proposed Confidentiality Order [ECF 37-1], at ¶ 1.

In the Court's view, some of this proposed language is broader than can be justified on the record now before the Court. For example, Mr. Tolbert's affidavit, even read generously, establishes only that Walmart maintains as confidential and proprietary its internal policies and procedures including specifically those policies and procedures relating to security and training. Proposed sub-paragraph (h), by contrast, covers "any and all documents referring or related to confidential and proprietary human resources or business information." The "any and all documents referring or related to" language potentially sweeps within sub-paragraph (h) documents that are not themselves confidential or proprietary. There also has been no showing that Walmart's compensation for current or former employees or its

organizational structure is confidential particularly since it is a public company listed on the New York Stock Exchange.

Accordingly, for these reasons and on the record before it, the Court would sign a confidentiality order that protects "confidential and proprietary human resources or business information, including financial records, and policies, procedures and/or training materials of Walmart Inc. and Sam's West, Inc." without the additional categories packed into proposed sub-paragraph (h). If Walmart can show good cause for a broader order, and such an order is necessary in this case, it will need to do so with a renewed motion supported by a different affidavit.[1]

The Court also would sign a confidentiality order that contains the language in Walmart's proposed sub-paragraphs (i) and (j) that cover personnel, medical, health, or workers' compensation information of third parties, if documents containing such information are going to be produced in this case. Although these categories of information are not mentioned specifically in Mr. Tolbert's affidavit, Plaintiff does not appear to object to treating this information as confidential, and it is commonplace in this district and around the country for such third-party information to be protected by a confidentiality order when it is produced in civil

---

[1] Although not specifically mentioned in Mr. Tolbert's affidavit, the Court accepts and recognizes that financial records, if maintained as confidential, legitimately can be covered by a confidentiality order, and that appears to be what Walmart has proposed here. The Court also notes that it does not know what documents Plaintiff has requested from Walmart and, specifically, whether she has requested any financial records or information about Walmart's compensation or organizational structure, so proposed sub-paragraph (h) may contain boilerplate language taken from confidentiality orders entered in other cases that is not relevant to this case. If Plaintiff is not requesting documents within these categories, then they should not be included in a confidentiality order to be entered in this case.

litigation. Again, though, the Court does not know that Plaintiff in this case has requested any of this information. If she has not done so, then sub-paragraphs (i) and (j) should not be included in a confidentiality order in this case.

Lastly, there is nothing in Mr. Tolbert's affidavit that would justify producing as confidential the materials covered by Walmart's proposed sub-paragraph (l) which includes "any documents relating to the claims or incidents of any customers of Walmart Inc. and Sam's West, Inc." This is a very broad category, as written. The Court does not know what type of "claims or incidents" might be included in this category. As framed, it can include documents that not only are not confidential but are in the public domain. While certain information relating to other "claims or incidents" conceivably might require confidential treatment, other documents within that category might not. The general "savings" clause that Walmart has inserted at the end of proposed paragraph 1 in its confidentiality order ("[i]nformation or documents that are available to the public may not be designated as Confidential Information") is not sufficient to save the overly broad language in proposed sub-paragraph (l). Therefore, without more, the Court is not prepared to sign a confidentiality order that contains sub-paragraph (l).

Accordingly, for these reasons, Defendant Walmart, Inc.'s Motion for Entry of a Protective Order [ECF 37] is granted in part and denied in part. The Court is prepared to enter a confidentiality order along the lines discussed in this Order. A telephonic status hearing is set for December 7, 2021, at 10:30 a.m. If Walmart intends to submit to the Court for entry on the docket a modified confidentiality order

consistent with this Order, it should send that proposed order to the Court's proposed order folder via the link on its website by noon on December 6, 2021. The Court's prior order entered on October 14, 2021 [ECF 36] that requires the parties to file an updated discovery status report by November 30, 2021, shall stand.[2]

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:    November 22, 2021

---

[2] In its order of October 14, 2021 [ECF 36], the Court also said that "[u]ntil Defendant's motion [for entry of protective order] is decided, the documents Defendant produced as 'confidential' shall be maintained as confidential by Plaintiff and not disclosed to anyone not a party to or witness in this case. To the extent the documents are used at depositions, they shall be treated as confidential by the parties and witnesses absent further a further court order." That order remains in effect until the Court enters a stand-alone confidentiality order in this case.